

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | **JUDGE RICHARD L. SPEER** |
| Lisa Duling | |
| | Case No. 06-3009 |
| Debtor(s) | |
| | (Related Case: 05-37545) |
| Lisa Duling | |
| Plaintiff(s) | |
| v. | |
| First Federal Bank of the Midwest | |
| Defendant(s) | |

## DECISION AND ORDER

This cause comes before the Court after a Trial on the Plaintiff/Debtor's Complaint for Injunctive Relief and Damages. In her Complaint, the Debtor asked that the Defendant/Creditor be enjoined from continuing its collection efforts. Additionally, the Debtor's Complaint seeks an award of damages, including legal fees and punitive damages, "that were necessitated because of the actions of the Defendant." (Doc. No. 1, at pg. 2-3). Of these matters, the Parties agreed at the Trial that only one issue was left for resolution: the amount of legal fees Debtor's counsel is entitled to receive. For the reasons set forth herein, the Court fixes this amount at $525.00.

Lisa Duling v. First Federal Bank of the Midwest
Case No. 06-3009

## FACTS

On July 26, 2005, the Debtor, Lisa Duling (hereinafter "Debtor"), filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Creditor, First Federal Bank of the Midwest (hereinafter "Creditor"), was set forth in the Debtor's petition as the holder of an unsecured claim in the amount of $8,000.00. On November 17, 2005, this Court entered an order of discharge pursuant to 11 U.S.C. § 727, thereby giving rise to an injunction under § 524. At the time the Court entered this order of discharge, no action regarding the dischargeability of this debt had been initiated by the Creditor.

On November 30, 2005, the Creditor commenced an action in the Common Pleas Court of Putnam County, Ohio, seeking to recover on its prepetition claim against the Debtor. On December 20, 2005, counsel for the Debtor, Donald Harris, attempted to contact Creditor's counsel regarding the state court action, leaving a message at his office. This message, however, was not immediately returned, ostensibly because of the approaching Christmas holiday. Debtor's counsel thereafter filed an answer to the Creditor's action, pleading a number of affirmative defenses including discharge in bankruptcy.

On January 3, 2006, Creditor's counsel received a copy of the Debtor's answer. The following day, Creditor's counsel contacted Debtor's counsel, advising him that the state-court action would be dismissed after the veracity of the Debtor's bankruptcy filing was confirmed. The day after, January 5, Debtor's counsel commenced the instant action. On January 9, 2006, the state-court action initiated by the Creditor against the Debtor was, in fact, dismissed.

Page 2

Lisa Duling v. First Federal Bank of the Midwest
Case No. 06-3009

## DISCUSSION

At issue in this proceeding is the discharge injunction of 11 U.S.C. § 524(a), and an award of attorney fees, as a sanction, for a violation thereof. Determinations as to a violation of the discharge injunction and an award of damages thereunder are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. § 157(b)(2)/(O); *In re Perviz*, 302 B.R. 357, 364-65 (Bankr. N.D.Ohio 2003).

Section 524(a) operates to enjoin acts by a creditor to collect on a discharged debt to the extent that the recovery is sought as a "personal liability of the debtor." There is no private cause of action for a violation of the discharge injunction. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir.2000). But a party who undertakes acts in violation of § 524(a) is subject to sanctions for contempt of the court order of discharge. *Id.* The sanctions imposed by a court may include an award of damages to the debtor, including reasonable attorney fees. *Mayer v. Huntington National Bank (In re Mayer)*, 254 B.R. 396, 397-98 (Bankr. N.D.Ohio 2000).

Against the Debtor's complaint, the Creditor readily acknowledges that its act of commencing the state-court action against her violated the discharge injunction of § 524(a); the Creditor similarly does not contest that an award of legal fees is appropriate in this matter, relating to the Court at the Trial that it had offered Debtor's counsel $750.00 to settle the matter. Instead, the Creditor simply contests the reasonableness of the fees sought by Debtor's counsel, with its underlying position being that this "action is nothing more than an effort on the part of Debtor's counsel to generate attorney fees." (Doc. No. 17, at pg. 1).

As taken from the fee statement before the Court, Debtor's counsel seeks to recover $4,431.77 for those services related to the Creditor's violation of the discharge injunction. Included in this amount are charges related to both those services Debtor's counsel rendered in the state-court

Page 3

Lisa Duling v. First Federal Bank of the Midwest
Case No. 06-3009

action as well as to those services related to this proceeding. As support for the unreasonableness of the fees sought by Debtor's counsel, the Creditor pointed this Court to the decision recently rendered by the Honorable Mary Ann Whipple, in *Stacy Duling v. First Federal Bank of the Midwest (In re Stacy Duling)*, Ch. 7 Case No. 05-75354, Adv. No. 06-3010 (Bankr. N.D.Ohio June 26, 2006).

In *Stacy Duling v. First Federal Bank of the Midwest*, the debtor, Stacy Duling, and the Debtor in this matter were co-obligors on the $8,000.00 unsecured obligation owed to the Creditor, First Federal Bank of the Midwest. On October 14, 2005, Stacy Duling filed a petition under Chapter 7 of the Code. Thereafter, Stacy Duling, commenced an action against the Creditor for a violation of the automatic stay of § 362(a). In addition to seeking an award of damages, including punitive damages, on behalf of the debtor, debtor's counsel sought in the action to recover $2,318.75 in legal fees. The factual circumstances which gave rise to the action commenced by Stacy Duling, besides involving the same debt, are almost identical to those which gave rise to the complaint now before this Court.

In both matters, Donald Harris was legal counsel for the debtors. And as against both debtors, the Creditor commenced its action in state court on November 30, 2005, with Creditor's counsel, also the same, thereafter contacting Debtor's counsel on January 4, 2006, offering to drop both suits once the respective debtors' bankruptcy status had been confirmed. Also identical, on behalf of Stacy Duling, Debtor's legal counsel commenced an action before Judge Whipple the day following the Creditor's commencement of the state-court collection proceedings. Finally, just like this proceeding, the state-court case against Stacy Duling was dismissed by the Creditor on January 9, 2006.

Under these facts, Judge Whipple held that the Creditor willfully violated the automatic stay of § 362(a), thus mandating an award of reasonable attorney fees. Judge Whipple, however, also

Page 4

found that the extent of the legal fees, i.e., $2,318.78, sought by Debtor's counsel was unreasonable. In coming to this conclusion, Judge Whipple stated as follows:

> On January 4, 2006, the day before this adversary proceeding was filed, Plaintiff's attorney's office was notified that the complaint would be dismissed as soon as the bankruptcy case was verified. Courts have ruled in a manner that requires the debtor to mitigate damages in order for attorney's fees to be reasonable, in fact courts especially scrutinize cases where the debtor's only injuries are those incurred in litigating the motion for sanctions, and where there exist no circumstances warranting punitive damages. In this case, there was an opportunity to mitigate damages after Plaintiff's attorney was notified that the bankruptcy case would be verified and the [state-court] complaint would be dismissed. Only fees incurred up to that date, January 4, 2006, were reasonably incurred. Attorney's fees up to January 4, 2006, total $750, which is the amount Plaintiff will be awarded.

*Id.*, at pg. 9 (internal citations omitted).

Insofar as it concerns the extent of the legal fees sought in this proceeding, the Court, given the identity of facts between the two proceedings, agrees with Judge Whipple: proper steps were not taken by Debtor's counsel to mitigate the Debtor's damages after January 4, 2006. As a result, any legal fees sought by Debtor's counsel after that point must be disallowed as unreasonable. A few points of clarification, however, are necessary here.

Merely because a creditor stands ready, and does in fact cease those actions which give rise to a violation of the discharge injunction does not mean that debtor's counsel would never be entitled to commence an action in this Court. Just the opposite: A creditor who willfully violates the discharge injunction cannot avoid paying damages, legal fees included, for their conduct simply by ceasing its collection activities at a later date. Debtor and debtor's counsel have a right to expect that they will be reasonably compensated for the creditor's wrongful actions. This case is no exception;

Page 5

Lisa Duling v. First Federal Bank of the Midwest
Case No. 06-3009

Debtor's counsel had and then fulfilled his ethical duty to protect his client's interests when the Creditor initiated its collection action in state court.

Yet, whether it is the automatic stay of § 362(a) or the discharge injunction of § 524(a), it is inherently improper for a debtor or their attorney to view violations thereof as a profit-making endeavor. Bankruptcy Rule 9011 expressly prohibits that an action be brought for "any improper purpose, such as . . . to cause unnecessary delay or needless increase in the cost of litigation[.]" What is troublesome in this regard is the merging of these two considerations.

First, when, on January 4, 2006, Creditor's counsel addressed dismissing the state-court action, Debtor's counsel should have taken the time to assess the situation to see if further action was needed. Instead, Debtor's counsel did just the opposite: He immediately filed this adversary proceeding, an act which, given its timing, appears to resemble the practice of fee churning. Secondly, after promptly dismissing its state-court action, the Creditor made reasonable offers to address the damages, legal fees included, incurred by the Debtor, eventually making an offer of $750.00.

Additionally, while not condoning its actions, the remedial measures subsequently taken by the Creditor once it had actual knowledge of its transgression are simply not indicative of the type of conduct which would warrant imposing stern sanctions. By way of comparison, in the case of *In re Perviz*, this Court, in addition to awarding debtors' counsel $2,555.00 for fees and expenses, imposed an award of $8,000.00 for punitive damages based upon a creditor's violation of the discharge injunction. 302 B.R. 357, 370 (Bankr. N.D.Ohio 2003). But in complete inapposite to the posture presented in this matter, the conduct in *In re Perviz* involved the creditor, with full knowledge of the debtors' bankruptcy, making hundreds of phone calls and sending numerous correspondences to the debtors in an attempt to collect on its claim.

Page 6

Lisa Duling v. First Federal Bank of the Midwest
Case No. 06-3009

Having decided that Debtor's counsel is not entitled to an award from the Creditor for those fees incurred after January 4, 2006, the Court now turns its attention to those fees incurred prior to this date. On this matter, the statement presented by Debtor's counsel shows a total of $987.50 in fees charged for services incurred up to and including January 4, 2006. (Pl. Ex. 4, at pg. 1). But of these fees, $562.50 must be disallowed straightaway because they are directly related to the filing of this adversary proceeding, and therefore, as just discussed, are contrary to the duty of Debtor's counsel to mitigate the Debtor's damages. In addition, the Court must disallow an additional charge of $350.00 for a letter sent to Creditor's counsel; at the Trial, Debtor's counsel was directed to provide the Court with a copy of the letter, but, after being afforded ample time, failed to follow this Court's directive.

Thus, of those fees charged by Debtor's counsel prior to January 4, 2006, only $75.00 remains. However, noticeably lacking from this category of fees is a charge for the preparation and filing of an answer to the Creditor's state-court action. While the facts show that Creditor's counsel was served with a copy of the answer on January 3, 2006, nothing resembling a charge for this service appears until January 13, under the heading entitled, "State complaint in PCCP." (Pl. Ex. 4, at pg. 2). Even so, because it necessarily involves a key aspect of his ethical duty to his client, the preparation and filing of an answer against the Creditor's state-court action complaint must be viewed as intimately connected to the circumstances as they existed prior to January 4, 2006. As such, fees assessed for the preparation and filing of the state-court action by Debtor's counsel will be allowed to the extent that they are reasonable.

For those services related to the state-court action, Debtor's counsel, in the just referenced heading, set forth a total charge of $750.00, resulting from five hours work at $150.00 per hour. In explaining, however, the methodology used when calculating charges for standard legal services, such as the preparation and filing of complaints and answers, Debtor's counsel gave directly conflicting testimony. At one moment, Debtor's counsel testified that he set a "timer" to ascertain

Page 7

Lisa Duling v. First Federal Bank of the Midwest
Case No. 06-3009

with exactness the appropriate charge; while at the very next moment, Debtor's counsel testified that he charged a set rate for services, regardless of actual time spent. Additionally, when questioned, Debtor's counsel admitted accuracy problems with regards to his "accounting department."

Accordingly, for these reasons, the Court again agrees with the initial assessment made by Judge Whipple, in the companion case of *Stacy Duling v. First Federal Bank of the Midwest*:

> When determining if the amount requested for attorney's fees is reasonable, the court will apply the "lodestar" method of calculation that is endorsed by the Supreme Court and the Sixth Circuit under numerous other federal fee shifting statutes. In this instance, it is not the method or hourly rate used in determining the attorney's fees that is unreasonable, *but rather the extent of the charges that is unreasonable.*

(pages 8-9) (emphasis added) (internal citations omitted). As for ascertaining what is a reasonable amount with regards to filing and preparing the state-court answer, the Court turns to what is undoubtably the best evidence: the answer itself.

In examining the state-court answer prepared on behalf of the Debtor, the Court cannot discern anything which would justify five hours of work. The answer contains just three denials, and with regards to affirmative defenses, Counsel simply listed a number of such defenses, 14 in all, without any elaboration.[1] Based therefore on the perfunctory structure of the answer crafted by counsel, the Court finds that three hours for its preparation and filing is a reasonable charge, thereby resulting in an allowed fee of $450.00. The net result: When added to the $75.00 in fees previously allowed, Debtor's legal counsel becomes entitled to receive a total of $525.00 against the Creditor as a sanction for the Creditor's violation of the discharge injunction of § 524(a).

---

[1] The state-court answer was admitted by agreement of the Parties, but not marked.

Page 8

Lisa Duling v. First Federal Bank of the Midwest
Case No. 06-3009

In accordance with Bankruptcy Rules 7052 and 9014, the discussion herein shall constitute this Court's findings of fact and conclusions of law. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that, based upon a violation of the discharge injunction of 11 U.S.C. § 524(a), judgment is hereby rendered in favor of the Plaintiff/Debtor, Lisa Duling, against the Defendant/Creditor, First Federal Bank of the Midwest, in the amount of Five Hundred Twenty-Five Dollars ($525.00) for legal fees.

**IT IS FURTHER ORDERED** that, pursuant to Bankruptcy Rule 9021, the Clerk, United States Bankruptcy Court, shall issue a judgment entry in accordance with the above order.

Dated: October 11, 2006

Richard L. Speer
United States
Bankruptcy Judge

Page 9

# CERTIFICATE OF SERVICE

Copies were mailed this 11 day of October, 2006 to:

Lisa J Duling
488 St. Rt. 587
Fostoria, OH 44830

Donald R. Harris
158 E. Market St.
Suite 302b
Sandusky, OH 44870

First Federal Bank of the Midwest, Defiance, Ohio
601 Clinton Street
Defiance, OH 43512

H Buswell Roberts
1000 Jackson St
Toledo, OH 43604-5573

                                                /s/Jennifer S Huff
                                      Deputy Clerk, U.S. Bankruptcy Court